# IN RE STONE'S ESTATE.

LESSOR'S LIEN—RIGHT OF WIDOW TO SUPPORT—PRIORITY.

1. The deceased, in his life-time, occupied a building of the Eccles Lumber Company as a lessee from month to month. Thirty-four days after the death of the lessee, when the occupancy ceased, the lessor instituted proceedings before a justice of the peace for $270 rent, claiming the benefit of a lien under section 1, of the act of March 8, 1894 (Sess. Laws, p. 123), which provides that the lessor "shall have a lien for the rent due upon all the property of the lessee not exempt from execution, as long as the lessee shall occupy the leased premises, and for thirty days thereafter." *Held*, that it was error for the court to decree that the lessor's claim was superior to all other claims, when the total amount of the estate was only $567.30, and that the estate, being less than $1,500, should have been set apart, under section 4118, Comp. Laws 1888, for the use and support of the widow and minor children of deceased.

2. Where the proceedings to enforce a lessor's lien are not instituted until after the time limited by the statute, the lien is gone, and thenceforth the lessor's claim possesses no superiority over that of any other person.

(No. 732.   Decided Oct. 24, 1896.)

Appeal from the Fourth district court, Weber county. Hon. H. H. Rolapp, *Judge.*

This appeal is by the administrator from a decree of the district court, Weber county, Utah, entered in the matter of the above estate, adjudging the Eccles Lumber Company to have a lien upon certain property of the estate of W. S. Stone, deceased, and ordering that it be satisfied before any part of the estate be assigned for the

use and support of the widow and minor children of said deceased. Decree reversed, with directions.

*Heywood & Tait*, for appellants.

Cited: *Barnum* v. *Boughton*, 55 Conn. 117; *Hastings* v. *Meyers Admin.*, 21 Mo. 519; *Brown* v. *Joiner*, 3 S. E. Rep, 157; *Estate of Johnson*, 41 Vt. 467; *Hildebrand's Appeal*, 39 Pa. St. 133.

*Evans & Rogers*, for respondent.

BARTCH, J.:

It appears from the record of this case that the property of this estate, as shown by the inventory and appraisement, was only of the value of $567.20. Section 4118, Comp. Laws Utah 1888, among other things, provides that, if it appears from the inventory that the value of the whole estate of a deceased person is less than the sum of $1,500, the court, upon giving certain notice therefor, and granting a hearing, and after the payment of certain expenses, in case the value is found to be less than that sum, shall, by a decree for that purpose, assign, for the use and support of the widow and minor children, the whole of the estate. The court in this case, in effect, decreed that a certain claim of the Eccles Lumber Company for rent, and for which it claimed a lien on certain personal property of the estate, was superior to all other claims, by reason of a valid and subsisting lien, and, after ordering the claim to be paid out of the proceeds of the sale of said personal property, assigned and set over the residue of the whole estate for the use and support of the widow and minor children. The two questions as to the claim of the Eccles Lumber Company, and as to the setting over of the whole estate for the use and support

of the widow and minor children, were, by stipulation of counsel, tried, presented, and submitted together, and the court passed upon them at the same time and in the same decree. This appeal is from that portion of the decree and judgment relating to the claim and lien of the Eccles Lumber Company, and refusing to set over the whole estate, including the property on which the lien was claimed, for the use and support of the widow and minor children.

The material question, and the one decisive in this case, is whether the Eccles Lumber Company had a valid and subsisting lien for rent on the personal property of the estate which was in the leased building occupied by the deceased in his lifetime. Counsel for the appellant insist that the company had no valid lien, because the proceedings instituted by it to enforce such a lien were not commenced within the time provided by law. Section 1 of the act of March 8, 1894 (Sess. Laws, p. 123), reads as follows: "Lessors, except as hereinafter provided, shall have a lien for rent due upon all of the property of the lessee not exempt from execution, as long as the lessee shall occupy the leased premises, and for thirty days thereafter." It will be noticed that by virtue of this statute the lien provided for exists during the time that the "lessee shall occupy the leased premises, and for thirty days thereafter." The statute seems to contemplate an actual occupancy, limited to that of the lessee, and limits the existence of the lien to 30 days after such occupancy ceases. Therefore, at the expiration of 30 days from the day on which a lessee ceases, for any reason, to occupy such premises, the lien ceases to exist, and consequently to have any force or effect. In this case it is shown by the agreed statement of facts that W. S. Stone, the deceased, in his lifetime, as a lessor of the Eccles Lumber Company, from month to month,

occupied a certain building designated as "No. 274, Twenty-Fifth Street, Ogden City, Utah," at the agreed monthly rental of $30, payable in advance; that he so occupied the building from the 1st day of July, 1895, "continuously until the day of his death, which occurred on the 26th of March, 1896"; and that on the 29th of April, 1896, the said company filed a complaint before a justice of the peace, making the administrator of the estate, who was appointed April 16, 1896, the defendant, and alleging the sum of $270 to be due from the defendant and the estate of the deceased for rent of said building, and claiming the benefit of the lessor's lien law. It will be observed, from these facts, that a period of about 34 days elapsed from the date of the death of the lessee, when his occupancy ceased, until the day when the lessor instituted the proceedings before the justice of the peace, claiming the benefit of a lien. This brought the action of the lessor without the terms of the statute, and his lien was gone. Thenceforth his claim possessed no superiority over that of any other person, and, by virtue of section 4118, it having been ascertained that the whole estate was of a value less than $1,500, became inferior to that of the widow and the minor children. That portion of the decree appealed from was, therefore, unwarranted and erroneous, and must be set aside. Having reached this conclusion, it is not important to discuss the other points raised in the record. The cause is reversed and remanded, with directions to the court below to set aside the objectionable portion of the decree, and modify the decree so as to assign the whole of the estate of the deceased to the widow and minor children.

ZANE, C. J., and MINER, J., concur.