## IN RE FARMER'S ESTATE.

CLAIM AGAINST DECEDENT'S ESTATE—GOODS SOLD--LIEN.

K. sold goods to F. for resale. F. died, leaving an estate of less than $1,500, and a petition was filed asking that the whole estate be set apart for the use of the three minor children. K., without obtaining judgment or execution, and without specifying the property sold by him to deceased, filed a petition asking that the administrator apply the proceeds arising from the sale of the property of the estate to the payment of his claim for goods sold to F., amounting to the sum of $193. The goods were sold by the administrator for $740. *Held*, that sec-

tion 3247, Rev. St., was not intended to apply to estate referred to in section 3847; that if K. had a right to any lien at all under the statute, it was for the specific goods sold to deceased, under and by virtue of a judgment and execution; and that K. could not by petition have any legal claim to money in the hands of the administrator, even though the money accrued in part from the sale of goods which had been sold by K. to F.

(No. 923.   Decided June 13, 1898.)

Appeal from district court, Weber county; H. H. Rolapp, *Judge.*

In the matter of the estate of Louise Farmer, deceased, R. C. Mitchell, administrator, filed a petition praying that the estate be set apart to the minor children. Fred J. Kiesel & Co. filed a petition asking that it be applied on their claim. From an order denying the petition of the latter, they appeal. *Affirmed.*

*Heywood & Tait,* for appellants.

*A. J. Weber,* for respondent.

MINER, J.:

Louise Farmer died intestate in the year 1897; leaving personal estate amounting to $963, and not exceeding $1,-500 in value, as shown by the inventory. She left surviving her three infant children, under the age of 15 years, as her only heirs at law. In January, 1898, the administrator filed his petition, praying that the whole of the estate be set apart for the use and support of the minor children of the deceased. Appellants also filed their verified petition, showing that "a large part of the assets of the estate of the deceased consisted of merchandise, stock

17 UTAH—6

in trade purchased for the purpose of resale, and that petitioners' claim against said estate, amounting to the sum of $193, is for the purchase price of a portion of said stock sold and delivered by petitioners to said decedent during her lifetime, and which afterwards came into the possession of the administrator of said estate; that said stock (including that portion so sold and delivered by petitioners) has been sold by said administrator for the sum of $741, which money he now has in his possession; and asking that said claim be paid out of said money." The court denied appellants' petition, and ordered that the entire estate, less expenses, etc., be distributed in equal shares to the three minor children. From this order and decree this appeal is taken.

Under the title "Family Support," section 3847, Rev. St., provides that "after the return of the inventory, the court may, on petition and after notice, set apart and distribute all the property of the decedent, if the whole value of the same does not exceed $1,500, in fee absolutely as follows: * * * in equal shares to the minor children. * * *" Appellants contend that the goods were purchased for resale, and that appellants were therefore entitled to their lien thereon after the purchaser's death, under sections 3247, 1156, Rev. St. We do not concur in this view. Section 1156, Rev. St., has reference to cases where the homestead is subject to execution, and when the homestead is liable for debts created for the purchase price thereof. Section 3247, Rev. St., under the title "Execution," has reference to property mentioned in chapter 41, entitled "Executions," and title 27, entitled "Homesteads," and provides that no article or species of property mentioned in this chapter, or entitled "Homesteads," is exempt from execution issued upon any judgment recovered for its purchase price, etc. Section 3847 is enacted

under chapter 8, entitled "Family Support," and subtitle "Summary Administration of Small Estates," and re-quires distribution of assets, where the inventory is less than $1,500, to the heirs, etc. The record shows that a large part of the estate of deceased consisted of merchandise, stock in trade, purchased for the purpose of resale, and that appellants' account, amounting to $193, is for the purchase price of a portion of the stock sold to deceased by appellants during her lifetime, and which afterwards came into the hands of the administrator of said estate; that said stock had been sold by the administrator for the sum of $741, which money he now has; and appellants ask that their account be paid out of such funds. If section 3247 applied, and the property was subject to the lien upon a judgment and execution, yet it does not appear that any judgment had been obtained, or execution issued thereon and levied upon the, or any, property in question, or that any lien whatever for the purchase price attached to the specific property sold, and upon which a lien, in a proper case, might attach. What portion of the property sold by the administrator for $741 comprised the property sold by appellants to the deceased several months before for the sum of $193 does not appear. If a lien by execution could be levied upon the specific property sold to the deceased to satisfy such a judgment for the purchase price, it does not follow that the proceeds of such property, after sale by the administrator, could be levied upon to satisfy such judgment, especially after the same had passed into the hands of the administrator, with other property, and become so mixed that it could not be ascertained how much of the goods sold by the administrator was sold by appellants to deceased, nor how much such goods brought. If appellants had a right to any lien at all under the statute, it was for the specific goods sold to deceased, under

and by virtue of a judgment and execution. An execution issued upon a judgment for the purchase price of goods sold could hardly be levied upon goods after they were sold, nor upon the proceeds thereof, the definite amount of which was not known. If the statute applies in such cases, it is evident the appellants had lost their right to the lien thereon upon a judgment for the purchase price. In re *Stone's Estate*, 14 Utah 205. But we are of the opinion that section 3247 was not intended to apply to estates referred to in 3847. This was a humane provision of the law, enacted for the protection and care of widows, minor children, and heirs of deceased persons whose estates, as shown by inventory, amount to less than $1,500, and merely sufficient to pay expenses of administration, and furnishing a slight support for the widow or children. In enacting 3247, the legislature were careful to restrict its operation to chapter 41, entitled "Executions," and title 27, entitled "Homesteads," of which section 3847 does not form a part. We find no error in the record. The judgment of the district court is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.